UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV10-00948-JVS(JCx) | Date | September 1, 2010 |
|---|---|---|---|
| Title | Kenco Fashion Inc. v. Cowgirl Turf Co., et al. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) Further Order to Show Cause re Jurisdiction

      The Court's August 6, 2010 Order directed the parties to show cause why the case should not be remanded to state court for want of jurisdiction. (Docket No. 22, p.2.) The Court has reviewed the parties' responses, and now enters the following order.

      Upon removal Cowgirl Tuff Co. ("Cowgirl") asserted jurisdiction on the basis of diversity, 28 U.S.C. § 1332(a). (Docket No. 1, p. 2, ¶ 5.) The original analysis was straight forward because Kenco Fashion Inc. ("Kenco") and Cowgirl were alleged to be citizens of different states with their principal place of business in those different states. (Id., p. 2, ¶ 6.)

      With its Second Amended Complaint, Kenco added two new parties, Turner's Wild West and The Loft. (Second Amended Complaint, ¶¶ 6-7.) All that is alleged is that these entities are "a business of form unknown to Plaintiff" and that the entities are in California. Before the Court may entertain jurisdiction, the pleadings must affirmatively show the jurisdictional facts which support jurisdiction. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).

      The Court cannot determine jurisdiction on the present record. For example, if these entities are corporations, the Court cannot determine either their state of incorporation or principal place of business. 28 U.S.C. § 1332(c)(1). Similarly, there are insufficient facts concerning their members if they are limited liability companies. See Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); Keith v. Black Diamond

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  EDCV10-00948-JVS(JCx)                                              Date  September 1, 2010

Title        Kenco Fashion Inc. v. Cowgirl Turf Co., et al.

<u>Advisors, Inc.</u>, 48 F. Supp. 2d 326, 329-30 (S.D. N.Y. 1999).  The same problem exists with other possible predicates for diversity jurisdiction.

   Within 30 days, the parties shall submit additional evidence of the relevant jurisdictional facts concerning these entities.  The parties are granted limited leave to take depositions on five day's notice, which depositions shall be limited to jurisdictional facts concerning the new entities.

   If the record does not show affirmatively that diversity jurisdiction lies, the case will likely be remanded.[1]

                                                                                00 : 00

                                  Initials of Preparer  kjt

---

[1] The Court does not take up at this time Cowgirl's contention that whatever their citizenship, the new entities are shams.  (Cowgirl's Response, p. 2.)